Elizabeth A. Moulton et al vs. Providence Council of the Rhode Island Branch of the National Congress of Parents and Teachers et al — Eq.No.7691

April 5, 1926

TANNER, P. J. This is a bill of interpleader in which the complainants, members of a committee known as The Permanent Lunch Committee, seek to obtain interpleader between the Providence Council, etc., and the Parent-Teachers' Association of the Technical High and Hope Street High Schools.

The complainants allege that as The Permanent Lunch Committee they have in their possession $4838.83, which is at the present time on deposit in the Citizens Saving Bank in said Providence in an account, entitled "School Lunch, Ruth Cummings;" that said fund is claimed by the City of Providence and also by the other respondent, the Parent-Teachers' Association.

The School Committee of Providence granted lunch concessions to the said Parent-Teachers' Association and they, in turn, turned the concessions over to the complainants as said Lunch Committee to operate it. A condition of the concession was that no financial profit should be made.

The case is now heard upon demurrer of the respondent, the Parent-Teachers' Association.

One ground of demurrer is that The Permanent Lunch Committee is the agent of the Parent-Teachers' Association, and that the City of Providence claim said fund by a title paramount to the Parent-Teachers' Association rather than by title derived from said Parent-Teachers' Association. We are inclined to think that this ground of demurrer is good.

3rd Nat'l Bank of Boston vs. Skillins, Etc., et al., 132 Mass. p. 410.

This case and many other authorities hold that a stakeholder who is an agent of one of the parties can not maintain interpleader where the fund is claimed by a third person under an independent title. This means a title which is not derived from the other claimant. This derivation of title from the principal seems to be one which means a title which is derived from some transfer of the title by the principal after the principal becomes entitled to the fund. We think, therefore, that in the case at bar the claim of the city is one paramount to that of the Parent-Teachers' Association, and therefore, under the authorities, interpleader will not lie. This strict rule seems to have been relaxed in many jurisdictions and doubtless it will be very advisable to do so, but we know of no decision in this state which would justify us in so doing.

In the case of Industrial Trust Co. vs. Elizabeth Colt et al., Advance Sheets, p. 319, the principal was laid down that interpleader will lie where the claim of each respondent is for the same fund and the claim of either being established would warrant a recovery against the complainant, the claim of both respondents being derived from the same transaction. In that case the same transaction was a single trust agreement. In the case at bar we think there are two separate transactions, one, the granting of the concession by the city to the Parent-Teachers' Association, and the other, the transfer of said concession to The Permanent Lunch Committee.

We think that a relation of principal and agent is stated in this case, since the lunch concession was granted by the School Committee to the Parent-Teachers' Association and the operation of the concession was turned over to The Permanent Lunch Committee apparently as agent of the Parent-Teachers' Association.

"Where an agent is known to the third person and the payment to him is a proper one in pursuance of a valid authority and without fraud, duress or mistake, the third person's remedy in case he ultimately becomes entitled to a return of the money is against the principal and he can not hold the agent individually liable for its return although he has not paid it over to his principal."

"In the absence of fraud, mistake or other wrongful act, the identity of the defendants (agents) was merged in that of their principal and the obligation which appears to be due the plaintiff is due not from them but from their principal."

2nd C. J. pages 821, 822, note 47.

Much more is this true in a case like that at bar, where the third person has not paid the money to the agent but the agent has received it properly for his principal in the course of business conducted by the agent for the principal.

We think, therefore, that the demurrer upon this ground is good.

A further ground of demurrer is that on the facts of the case the city has no claim whatever upon the fund. We are inclined to think that this ground of demurrer is good also.

Another ground of demurrer is that there was no affidavit of no collusion between the complainant and either of the claimants. Upon the authorities, this ground of demurrer is good.

The other grounds of demurrer are overruled.

For Complainants: Ada L. Sawyer and Percy W. Gardner.

For Respondent Parent-Teachers' Association: Knauer and Fowler.